No. 44505.—Petition 5901–R of F. W. Myers & Co., Inc. (Port Huron).

Evans, Judge: The petitioner herein seeks relief from the payment of additional duties assessed under the provisions of section 489 of the Tariff Act of 1930 on an importation of brewing machinery entered at Port Huron, Mich., which was advanced in value by the appraiser.

Briefly, the facts developed in this lawsuit are as follows: The affairs of the Sarnia Brewing Co., Ltd., of Sarnia, Ontario, Canada, were in the bankruptcy court. The brewing machinery used by the company had been manufactured in the United States. One Joseph Milstein of Brooklyn, N. Y., entered into a contract for the purchase of the machinery and equipment of the defunct brewery, one of the conditions of the contract being that the same were to be delivered to him at Port Huron, Mich. The contract of sale was made on the theory that the merchandise would not be dutiable because it had been made in the United States.

After the making of the original contract of sale, which was for $5,000, the appraiser of merchandise at Port Huron was consulted about whether the merchandise was dutiable or not, and he, together with the vendee, a representative of the vendor, which was a company formed for the purpose of taking over the brewery, and a representative of the brokerage company which was to make the entry (the petitioner herein) visited the brewery and inspected the plant as it stood. The appraiser advised that since the merchandise was not being returned to the United States by or for the account of the party who exported it, the same would be dutiable, and it appears that a new contract was made whereby the vendor was to pay the duty, the consideration being raised to $5,500 and a mortgage on certain lands in Canada being given the vendee to secure the payment of such duty.

The merchandise was entered at the invoiced price of $5,500, which was also the contract of sale price, less duty, and plus some small charges for crating the more delicate parts. On appraisement the appraiser added back the charge for duty and added a substantial amount as being the cost of dismantling the machinery and loading it on flat cars in Canada. On appeal to reappraisement the single judge found the dutiable value of the merchandise to have been the contract of sale price, without the deduction of the duty, plus the small charges for crating the more delicate parts, and that decision was affirmed on appeal. The difference between the entered and final appraised values is therefore the amount of duty which had been deducted by the importer and added back by the appraiser. The broker who made the entry was compelled to pay the additional duties which automatically accrued, and now seeks a return of the amount so paid.

It appears from the testimony that the negotiations were all made in the presence of the United States appraiser, who therefore was informed of the facts and circumstances, and the record shows there was no concealment on the part of the petitioner, who understood that the duty, which was paid by the exporter, was no part of the dutiable value and hence deducted it from the invoiced value. Neither did he include the dismantling and loading charges which the appraiser thought constituted part of the dutiable value. In fine, it appears from the facts of this case that there was a disagreement between the broker who made the entry and the appraiser as to what items ought to be included in the dutiable value, and that the appraiser's view was partially sustained and the broker's view was partially sustained.

The court is satisfied that in the making of the entry the petitioner acted in entire good faith and that the petition should be granted. Judgment will issue accordingly.